IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SARAH COMITZ, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES N. RIFE d/b/a STEEL APPEAL, <br><br> Defendant. | Case No. |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Sarah Comitz, by and through her attorneys, Mahoney & Mahoney, LLC. by Timothy Mahoney, and in support of her complaint against the Defendant, Charles N. Rife d/b/a Steel Appeal, alleges as follows:

## GENERAL ALLEGATIONS

1. At all relevant times hereto the Plaintiff, Sarah Comitz, is a citizen of the State of Illinois, and resides at 1026 South Saxby Avenue, Freeport, IL 61032.

2. At all relevant times hereto the Defendant, Charles N. Rife, is a citizen of the state of Iowa. Charles N. Rife owns and operates a tattoo and piercing business known as Steel Appeal. Steel Appeal is a business that is a citizen of the State of Iowa whose principal place of business is 512 N. 2nd St, Clinton, Iowa.

3. At all relevant times hereto the Defendant, Charles N. Rife d/b/a Steel Appeal (hereinafter "Steel Appeal"), was in the business of Tattoo and Piercings.

4. The amount in controversy without interest and costs exceeds the amount specified in 28 USC section 1332.

5. At all relevant times hereto, the Defendant, "Steel Appeal" was the owner and operator of the business. The Defendant, "Steel Appeal" employed Tattoo Artists and

Piercers to carryout business.

    a.    The Defendant, "Steel Appeal", was in an employment relationship as an employer of all tattoo artists and piercers operating at and out of Steel Appeal.

    b.    The Defendant, "Steel Appeal", as an employer, had control over certain rights and options:

        1.    The right to control the manner work is performed,

        2.    The right to discharge,

        3.    Control over the method of payment,

        4.    Control over whether taxes are deducted from the payment,

        5.    Control over the level of skill required to perform the work,

        6.    Control to furnish necessary tools, materials, or equipment.

6.    On or about May 15, 2020 the Plaintiff, Sarah Comitz, went to Steel Appeal for a piercing procedure.

7.    At the same time and place the Defendant, "Steel Appeal" personally and/or acting by and through an agent in his employ, agreed to perform the piercings of the Plaintiff, Sarah Comitz.

8.    At the same time and place the Defendant, "Steel Appeal" moved the Plaintiff Sarah Comitz to a back room and performed two piercings.

9.    At the same time and place the Defendant, "Steel Appeal" produced and thereafter used unsterilized and/or dirty needles, clamps, and other equipment necessary for performing piercings.

10. The Plaintiff, Sarah Comitz at no point consented or invited the Defendants or any others to make contact with her using of dirty, previously used, or otherwise unsterilized equipment.

11. At all relevant times hereto, the Plaintiff, Sarah Comitz was exercising due care toward all others:

    a. The Plaintiff, Sarah Comitz. did not invite, did not incite, and did not in any way initiate any misconduct.

    b. The Plaintiff, Sarah Comitz was otherwise free from any contributory negligent misconduct.

12. When the piercings were completed the Defendant, "Steel Appeal" provided no explanation or aftercare instructions for new piercings.

13. The Plaintiff, Sarah Comitz paid the Defendant, "Steel Appeal" for piercing services and left the business.

14. The Plaintiff, Sarah Comitz began having uncontrollable pain approximately 7-10 days following the piercing procedure.

## COUNT I –

16. The Plaintiff, Sarah Comitz, repeats the allegations, and incorporates by reference paragraphs One (1) through Fifteen (15) in the General Allegations as though fully set forth herein.

17. The Defendant, "Steel Appeal", had a duty to exercise ordinary care to the Plaintiff Sarah Comitz.

18. The duty to exercise ordinary care includes but is not limited to using sterilized or otherwise clean equipment as is standard in the industry.

19. The Defendant, "Steel Appeal", while acting in the scope of employment made use of unsterilized or otherwise previously used equipment by using said equipment intentionally to pierce the Plaintiff Sarah Comitz. with the intent to cause harm.

20. The Defendant, "Steel Appeal", did in fact cause harm to the Plaintiff Sarah Comitz. when he intentionally pierced her with said equipment.

21. The Defendant, "Steel Appeal", demonstrated a willful and wanton disregard to exercise ordinary care to the Plaintiff Sarah Comitz. by intentionally causing her harm by way of piercing her with said equipment.

22. The Defendant, "Steel Appeal", exhibited a willful and wanton disregard for the Plaintiff Sarah Comitz. by actively choosing not protect the Plaintiff by way of using sterilized or otherwise clean equipment and instead intentionally caused her harm.

23. As a result of the direct and cumulative willful and wanton acts and omissions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz. suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering.

24. As a direct and proximate result of the willful and wanton actions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz. will continue to have mental and physical pain and suffering as a result of her injuries.

WHEREFORE, the Plaintiff, Sarah Comitz., prays this court enter judgments against the Defendant, "Steel Appeal", for an amount in excess of Seventy-five Thousand Dollars ($75,000) plus court costs.

## COUNT II – NEGLIGENT HIRING

25. The Plaintiff, Sarah Comitz, repeats the allegations, and incorporates by reference paragraphs One (1) through Fifteen (15) in the General Allegations as though fully set forth herein.

26. The Defendant, "Steel Appeal" had a duty to exercise ordinary care to the Plaintiff Sarah Comitz.

27. The duty to exercise ordinary care includes but is not limited to using sterilized or otherwise clean equipment as is standard in the industry.

28. This duty includes acting reasonably in the hiring of responsible and competent staff and to facilitate the proper tattooing and piercing the institution regularly engages in.

29. To properly determine the responsibility and competency of a potential employee said employee should be subjected to numerous inquiries; including but not limited to background checks, collateral contact interviews, and peer interviews.

30. The Defendant, "Steel Appeal" exhibited a negligent disregard for the care and safety of third persons in their patronage when they failed to act reasonably in the hiring of competent individuals.

31. The Defendant, "Steel Appeal" exhibited a negligent disregard for the care and safety of third persons in their patronage when they failed to conduct a background check, collateral contact interviews, or peer interviews on their prospective employees.

32. A background check, collateral contact interview, or peer interviews would

have shown the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", have a propensity for disregarding patron safety and cleanliness standards.

33. The Defendant, "Steel Appeal" knew or should have known the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", are unfit to be in the position of "Tattoo Artists and Piercers due to having a propensity for disregarding patron safety and cleanliness standards, and that said propensity creates a danger of harm to third persons, specifically patrons.

34. The Defendant, "Steel Appeal" knew or should have known the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", possessed this unfitness to be in the position as "Tattoo Artists and Piercers" due having a propensity for disregarding patron safety and cleanliness standards at the time they were hired.

35. The unfitness of the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", due to their propensity for disregarding patron safety and cleanliness standards were the proximate cause of the Plaintiff Sarah Comitz's injuries.

36. As a result of the direct and cumulative negligent acts and/or omissions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering.

37. As a direct and proximate result of the negligent actions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz. will continue to have mental and physical pain and suffering as a result of her injuries.

WHEREFORE, the Plaintiff, Sarah Comitz, prays this court enter judgments against the Defendant, "Steel Appeal", for an amount in excess of Seventy-five Thousand Dollars ($75,000) plus court costs.

## COUNT III – NEGLIGENT RETENTION

38. The Plaintiff, Sarah Comitz., repeats the allegations, and incorporates by reference paragraphs One (1) through Fifteen (15) in the General Allegations as though fully set forth herein.

39. The Defendant, "Steel Appeal" had a duty to exercise ordinary care to the Plaintiff Sarah Comitz.

40. The duty to exercise ordinary care includes but is not limited to using sterilized or otherwise clean equipment as is standard in the industry.

41. This duty includes acting reasonably in the retention of responsible and competent staff to facilitate the proper tattooing and piercing the institution regularly engages in.

42. To properly determine the ongoing responsibility and competency of a current employee, said employee should be subjected to numerous ongoing inquiries; including but not limited to background checks, current and past collateral contact interviews, and current and past peer interviews.

43. The Defendant, "Steel Appeal" exhibited a negligent disregard for the care and safety of third persons in their patronage when they failed to act reasonably in the retention of competent individuals.

44. The Defendant, "Steel Appeal" exhibited a negligent disregard for the care and safety of third persons in their patronage when they failed to conduct initial and

ongoing background checks, current and past collateral contact interviews, or current and past peer interviews on their current and prospective employees.

45. A background check, current and past collateral contact interviews, or current and past peer interviews would have shown the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", have a propensity for disregarding patron safety and cleanliness standards.

46. The Defendant, "Steel Appeal" knew or should have known the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", are unfit to be in the position of "Tattoo Artists and Piercers due to having a propensity for disregarding patron safety and cleanliness standards, and that said propensity creates a danger of harm to third persons, specifically patrons.

47. The Defendant, "Steel Appeal" knew or should have known the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", possessed this unfitness to be in the position as "Tattoo Artists and Piercers" due having a propensity for disregarding patron safety and cleanliness standards at the time the decision was made to retain them.

48. The unfitness of the "Tattoo Artists and Piercers" Employed by Defendant, "Steel Appeal", due to their propensity for disregarding patron safety and cleanliness standards were the proximate cause of the Plaintiff Sarah Comitz's injuries.

49. As a result of the direct and cumulative negligent acts and omissions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering.

50. As a direct and proximate result of the negligent actions of the Defendant,

"Steel Appeal", the Plaintiff Sarah Comitz. will continue to have mental and physical pain and suffering as a result of her injuries.

WHEREFORE, the Plaintiff, Sarah Comitz., prays this court enter judgments against the Defendant, School District, and Defendant, Carl Sandburg, for an amount in excess of Seventy-five Thousand Dollars ($75,000) plus court costs.

## COUNT IV – NEGLIGENT SUPERVISION

51. The Plaintiff, Sarah Comitz., repeats the allegations, and incorporates by reference paragraphs One (1) through Fifteen (15) in the General Allegations as though fully set forth herein.

52. The Defendant, "Steel Appeal" as an employer has a duty to reasonably control their employees.

53. The Defendant, "Steel Appeal" had a duty to supervise all employees.

54. The Defendant, "Steel Appeal" did not any possess or demonstrate any structured, routine, or even sporadic supervision or evaluation of their employees.

55. The Defendant, "Steel Appeal" exhibited a negligent disregard for the safety of third persons by electing not to supervise their employees.

56. The Defendant, "Steel Appeal" exhibited a negligent disregard for the safety of third persons by actively choosing not to control their employees.

57. The Defendant, "Steel Appeal" exhibited a negligent disregard for the safety of third persons by failing to protect the Plaintiff, Sarah Comitz. from being subjected to dangerous instruments and practices at the hands of their employees.

58. The lack of supervision created the opportunity for the Defendant, "Steel

Appeal" by and through "Tattoo Artists and Piercers" in their employ, to use unsterilized equipment and hazardous practices on the Plaintiff, Sarah Comitz causing her injuries.

59. The complete lack of supervision of employees demonstrates the Defendant, "Steel Appeal's" negligent disregard for the safety of third persons by actively choosing not to exert any control over their employees.

60. As a result of the direct and cumulative negligent acts and omissions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz. suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering.

61. As a direct and proximate result of the negligent actions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz. will continue to have mental and physical pain and suffering as a result of her injuries.

WHEREFORE, the Plaintiff, Sarah Comitz., prays this court enter judgments against the Defendant, "Steel Appeal", for an amount in excess of Seventy-five Thousand Dollars ($75,000) plus court costs.

## COUNT V – PROFESSIONAL NEGLIGENCE

62. The Plaintiff, Sarah Comitz., repeats the allegations, and incorporates by reference paragraphs One (1) through Fifteen (15) in the General Allegations as though fully set forth herein.

63. The Defendant, "Steel Appeal" had a duty to exercise ordinary care to the Plaintiff, Sarah Comitz.

64. The Defendant, "Steel Appeal" as professionals in the art of tattoos and piercings have a duty to possess an appropriate level of knowledge, skills, and care.

65. The Defendant, "Steel Appeal" as professionals in the art of tattoos and piercings have a duty to use said knowledge, skills, and care in a reasonably careful manner just as other professionals in the art of tattoos and piercings would.

66. Reasonably careful professionals in the art of tattoos and piercings in similar situations would not negligently and/or recklessly endanger patrons by subjecting them to unsterilized equipment and hazardous practices them, nor would any reasonably careful tattoo and piercing establishment allow it.

67. The Defendant, "Steel Appeal" exhibited negligent conduct when they deviated from this standard of ordinary care and instead subjected the Plaintiff Sarah Comitz to unsterilized equipment and hazardous practices, thus causing harm.

68. As a result of the direct and cumulative negligent acts and/or omissions of the Defendant, "Steel Appeal", the Plaintiff Sarah Comitz. suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering.

69. As a direct and proximate result of the negligent actions of the Defendant, "Steel Appeal", the Plaintiff, Sarah Comitz. will continue to have mental and physical pain and suffering as a result of her injuries.

WHEREFORE, the Plaintiff, Sarah Comitz, prays this court enter judgments against the Defendant, "Steel Appeal", for an amount in excess of Seventy-five Thousand Dollars ($75,000) plus court costs.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully Submitted,

        Mahoney & Mahoney, LLC.

        By:     /s/Timothy S. Mahoney
                 Timothy S. Mahoney



Timothy Mahoney
Sarah Comitz:
Mahoney & Mahoney, LLC
109 W. Main St., Freeport, IL 61032
(815) 656-4600
tim@mahoneymahoney.com