IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Sarah Comitz, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 21 CV 50385 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Charles N. Rife d/b/a Steel Appeal, | ) | |
| | ) | |
|     *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3). Dkt. 10. For the following reasons, the Court finds that it lacks personal jurisdiction over Defendant and as such, Defendant's motion to dismiss is granted.[1]

**I. BACKGROUND**

Plaintiff, an Illinois resident, alleges that she went to Steel Appeal, Defendant's tattoo and piercing business located in Iowa, for a piercing procedure in May 2020. An individual employed by Steel Appeal performed two piercings on Plaintiff as she requested. However, the individual utilized unsterilized and/or dirty needles, clamps, and other equipment necessary for performing piercings. Additionally, when the piercings were completed, the individual provided no explanation or aftercare instructions for the new piercings. About 7-10 days following the piercing procedure, Plaintiff began to have "uncontrollable pain." Pl.'s Compl., Dkt. 1. Plaintiff alleges that Defendant's actions constituted willful and wanton conduct, negligent hiring, negligent retention, negligent supervision and professional negligence. *Id*.

In January 2022, Defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and improper venue pursuant to Rule 12(b)(3). Def.'s Mot., Dkt. 10. In support, Defendant filed an affidavit in which he states that he is the owner of Steel Appeal, a tattoo and piercing business, which he operates solely in Iowa. Defendant also states that he currently resides in Iowa and did so at the time of the incident alleged in the complaint. The affidavit states further that Defendant does not solicit business in Illinois and has not made any attempts to market to citizens of Illinois. Finally, the affidavit states that all of Defendant and Steel Appeal's interactions with Plaintiff occurred in Iowa. Ex. 1, Dkt. 10-1.

Plaintiff responded to Defendant's motion and filed a counter-affidavit in which she states that "she went to the Defendant for piercings because the Defendant advertised being open for

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

business during the COVID shutdown. Illinois was still under shut down and Steel Appeal advertised in Illinois being open in Iowa." Ex. 1, Dkt. 19-1.

Thereafter, as part of his reply, Defendant filed another affidavit. He states that, while he advertises on his business's Facebook page, he does not direct his advertisement toward Illinois, nor does he advertise in such a way as to try to entice residents of states with more restrictive COVID protocols to come to his shop in Iowa. The affidavit further states that Defendant's advertising consists of posts on his business page that anyone can "like" or follow, and that he is unaware of what Facebook does to show his posts to anyone who does not come to his page. Defendant states that he posted on his business Facebook page in March of 2020 that he was closing due to COVID protocols in Iowa and subsequently posted in May of 2020 that he was reopening for business, but that he "in no way inferred that he was encouraging citizens of any other state to come to his shop based on any Covid protocols." Ex. 1, Dkt. 20-1. Finally, Defendant states that Plaintiff contacted him about getting piercings via Facebook messenger and that they had no conversation as to her location or if she was from a different state. Along with the second affidavit, Defendant attached the above-referenced Facebook posts. The first post dated March 22, 2020, states that "per Governor Reynolds announcement today" Steel Appeal had to shut down. *Id.* A second post, dated May 13, 2020, announces that they "will be open at noon on the 15th" and lists the COVID protocols that will be followed at the shop. *Id.* Finally, Defendant attached a screenshot of a message thread between him and Plaintiff that shows her initiating a conversation by asking, "Are y'all taking appointments for piercings?" *Id.* The screenshot indicates that Defendant responded with the days and times he was "in," and Plaintiff thereafter stated that she would be coming in Saturday afternoon. *Id.*

## II. DISCUSSION

Although a complaint need not include facts alleging personal jurisdiction, once a defendant moves to dismiss the complaint under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). Since the Court is basing its determination solely on written materials and not an evidentiary hearing, Plaintiff must only make a *prima facie* showing of personal jurisdiction over Defendant to survive his motion to dismiss. *Purdue Rsch. Found. V. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where, as here, Defendant has submitted evidence opposing the exercise of personal jurisdiction, Plaintiff must similarly submit affirmative evidence supporting the Court's exercise of jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court will accept as true any facts contained in Defendant's affidavits that remain unrefuted by Plaintiff. *See GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009); *Joy v. Hay Grp., Inc.*, No. 02 C 4989, 2003 WL 22118930, at *2 (N.D. Ill. Sept. 11, 2003) ("Once a fact is challenged by an affidavit from the defendant, the plaintiff has an obligation to provide an additional affidavit supporting his or her contention."). However, the Court will resolve disputes in the affidavits or evidence in favor of Plaintiff. *See Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058, 1062 (N.D. Ill. 2012) ("While in this context affidavits trump the pleadings, in the end all facts disputed in the affidavits will be resolved in the plaintiff's favor.").

A court's exercise of personal jurisdiction over a defendant "must be authorized by the terms of the forum state's personal-jurisdiction statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Felland v. Clifton,* 682 F.3d 665, 672 (7th Cir. 2012); *see also* Fed. R. Civ. P. 4(k)(1)(A). The relevant Illinois statute states that a court may exercise jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2–209(c). "Thus, the separate questions regarding whether jurisdiction is proper under Illinois's long-arm statute *and* the Due Process Clause merge, and jurisdiction will be appropriate provided the federal constitutional requirements are satisfied." *Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 756 (N.D. Ill. 2014) (emphasis in original). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (citation omitted). It follows that a court "may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (Kennedy, J., plurality opinion) (quoting *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists only when the defendant's affiliations with the forum state "are so constant and pervasive as to render it essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citation omitted). Specific jurisdiction is "case-specific" and exists where the plaintiff's claim is "linked to the activities or contacts" of the defendant with Illinois. *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697-698 (7th Cir. 2015). In this case, Plaintiff does not specify whether she relies on general or specific personal jurisdiction but puts forth arguments for both. Defendant argues that neither type of personal jurisdiction properly lies here.

**A. Specific jurisdiction**

Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see Advanced Tactical*, 751 F.3d at 801 ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state . . . related to [the defendant's] allegedly unlawful activity.") (emphasis in original). Such conduct is sufficient to establish specific jurisdiction only where the "defendant *himself*" creates contact with the forum state; the relevant factor is the "defendant's contacts with the forum itself, not with persons residing there." *Walden*, 571 U.S. at 277. There are three essential requirements for a court to exercise specific jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)).

*Purposeful direction*

3

A defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum. *Curry*, 949 F.3d at 398 (quoting *Burger King*, 471 U.S. at 476). Evidence that the defendant directed its activities toward the forum state in a non-random fashion may demonstrate that the defendant purposefully availed itself of the benefits of conducting business there. *Curry*, 949 F.3d at 401. The purposeful direction requirement prevents out-of-state defendants from being bound to appear for merely random, fortuitous, or attenuated contacts. *Id*. at 398 (citations omitted).

Plaintiff argues that Defendant, through online advertising, targeted and appealed to Illinois residents, which she contends constitutes purposefully directed activity. Pl.'s Resp. at 3, Dkt. 19. Plaintiff's affidavit simply states that she "went to the defendant for piercings because the defendant advertised being open for business during the COVID shutdown" and that "Steel Appeal advertised in Illinois being open in Iowa."

Defendant argues that there is no evidence that would suggest he purposefully directed his activities at Illinois. Def.'s Mot. at 4, Dkt. 20. As laid out above, Defendant attests that, while he advertises on his business Facebook page, he does not and has never attempted to solicit business in Illinois using advertisements or other marketing. He also stated in his affidavit that he does not advertise in such a way as to try to entice residents of states with more restrictive COVID protocols.

The Court must accept as true any facts in Defendant's affidavits that remain unrefuted by Plaintiff. *See GCIU*, 565 F.3d at 1020 n.1. Having reviewed the affidavits, the Court finds that Plaintiff's attestation that "Steel Appeal advertised in Illinois being open in Iowa" without more does *not* refute Defendant's statements that he never directed advertisements toward Illinois and that he has never tried to entice residents of states like Illinois with more restrictive protocols. Plaintiff does not state how she came to see Defendant's business Facebook post stating that Steel Appeal was re-opening for business. Defendant's Facebook post could well have been directed to Plaintiff through no action of Defendant. For example, one of Plaintiff's Facebook friends could have "liked," commented on, or shared one of Steel Appeal's Facebook posts, which would have led Plaintiff to see Steel Appeal's post on her feed while she was in Illinois. *See* Marla Peagler Digital, *Who Can See My Facebook Page? Business Page vs Personal Profile*, https://mariapeaglerdigital.com/do-i-need-a-facebook-personal-page-or-business-page/#:~:text=When%20you%20like%20a%20business,liked%20that%20post%20as%20well (explaining that when you "like," comment on, or share a business's Facebook posts, your friends will be able to see that on their Facebook feed). As such, the Court accepts as true Defendant's assertions that he has never solicited business in Illinois. Defendant's uncontested statements in his affidavit show that he did not purposefully direct advertising to Illinois.

Moreover, Plaintiff cannot rely on the communication between Plaintiff and Defendant to show purposeful direction toward Illinois. First, to constitute purposeful availment, Defendant's contact must have been with the forum state, not merely with Plaintiff. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."). Second, it was Plaintiff that initiated contact with Defendant via Facebook messenger. *See Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647, 652-54 (E.D.N.C. 2018) (granting motion to dismiss for lack of personal jurisdiction in part

4

because the plaintiff initiated contact with out-of-state defendant). Finally, there is no evidence that Defendant knew Plaintiff was in Illinois at the time of their communication. *See Martinez v. N. Arizona U.*, 553 F. Supp. 3d 908, 918 (D.N.M. 2021) (finding that defendant's knowledge of the plaintiff's location was relevant for a personal jurisdiction analysis).

The Seventh Circuit has cautioned that courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant operates an interactive website in the forum state. *See Curry*, 949 F.3d at 400; *Matlin*, 921 F.3d at 706; *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011). Moreover, courts throughout the country find that situations like the one here, where a defendant advertises on the internet generally but does not direct or target those advertisements to the forum state, do not constitute purposeful direction sufficient for specific personal jurisdiction. *See, e.g.*, *Pinder v. S. DiCarlo, Inc.*, No. 118CV00296BKSATB, 2020 WL 1028928, at *5 (N.D.N.Y. Mar. 3, 2020); *Trek Bicycle Corp. v. Trek Winery, LLC*, No. 09-CV-603-VIS, 2010 WL 744252, at *6 (W.D. Wis. Mar. 2, 2010); *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 726 (3d Cir. 2009); *Digital Control, Inc. v. Boretronics, Inc.*, 161 F. Supp. 2d 1183, 1186 (W.D. Wash. 2001). More specifically, courts have held that maintaining a nationally accessible Facebook page, without evidence that the page targeted the forum state, is not sufficient to establish personal jurisdiction. *See, e.g.*, *HVLPO2, LLC v. Oxygen Frog, LLC*, 187 F. Supp. 3d 1097, 1108 (D. Neb. 2016); *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, No. 3:12–CV–771–JAG, 2013 WL 4061259, at *4 (E.D. Va. Aug. 9, 2013); *Pathfinder Software, LLC v. Core Cashless, LLC*, 127 F.Supp.3d 531, 543 (M.D.N.C.2015); *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC*, No. CV–11–2304–PHX–NVW, 2013 WL 442296, at *2 (D. Ariz. Feb. 5, 2013); *Sweetgreen, Inc. v. Sweet Leaf, Inc.*, 882 F.Supp.2d 1, 5 (D.D.C. 2012); *Woodhurst v. Manny's Inc.*, 832 N.W.2d 384, 2013 WL 1452929 at *2 (Iowa Ct. App. 2013).

Because Defendant and his business are located in Iowa and the unrefuted evidence shows that he has never directed advertisements or marketing to residents of Illinois, the Court concludes that Defendant did not purposefully targeted Illinois consumers or avail himself of business here. Therefore, this Court has no specific personal jurisdiction over Defendant.

**B. General jurisdiction**

"General jurisdiction is all-purpose; it exists only when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Martino v. Orchard Enterprises, Inc.*, No. 20 C 2267, 2020 WL 6287400, at *3 (N.D. Ill. Oct. 27, 2020) (quoting *Kipp*, 783 F.3d at 697-698). General jurisdiction is permitted only where the defendant has "continuous and general business contacts" with the state, and the contacts need not be related to the suit. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). However, the contacts must be sufficiently "extensive and pervasive to approximate physical presence" – "sporadic" or "isolated" contacts are insufficient to establish general jurisdiction. *Tamburo*, 601 F.3d at 701. Because general jurisdiction may exist even when the defendant's conduct is entirely unrelated to the forum state, "it should not lightly be found." *Kipp*, 783 F.3d at 698.

"Illinois limits general jurisdiction over nonresidents to instances in which the nonresident was present and doing business in the forum. The doing business standard requires a nonresident defendant to carry on business activity in Illinois not occasionally or casually, but with a fair measure of permanence and continuity. The doing business standard is quite high and generally means conducting business in Illinois of such character and extent that it may be inferred that the defendant has subjected itself to the jurisdiction and laws of this state." *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 562-63, 855 N.E.2d 243, 248 (2006) (citations omitted).

Defendant argues that the maintenance of a public website alone is not sufficient, without more, to establish general jurisdiction. Def.'s Mot. at 2, Dkt. 10. Plaintiff argues that, as a business operating on the border of another state, Defendant regularly chose to do business with out-of-state residents, even prior to the COVID-19 pandemic. She also argues that Illinois residents were generally targeted by Defendant's advertising for services. Pl,'s Resp. at 2-4, Dkt. 19.

The Court finds that Plaintiff has failed to demonstrate that this Court has general jurisdiction over Defendant. First, Plaintiff's argument that Defendant regularly chose to do business with Illinois residents because he operates a business on the Iowa-Illinois border is without merit. As an initial matter, the quotation that Plaintiff cites from *Bird v. Parsons*, 289 F.3d 865, 874-75 (6th Cir. 2002), does not support her argument. The language Plaintiff cites is taken from the court's conclusion that, due to the characteristics of the defendants' website along with the fact that they had accepted the business of over 4,000 forum residents, the defendants satisfied the purposeful-availment requirement. *Id*. As such, this case does not support Plaintiff's argument that the geographic placement of Defendant's business necessarily meant that he regularly chose to do business with Illinois residents. Further, Plaintiff provides no evidence to support her statement that Defendant regularly services customers from Illinois. However, even if the statement were proven true, the Seventh Circuit has previously held that simply because an out-of-state business has a "substantial percentage" of customers from the forum does not, without more, suffice to make a business "at home" in the forum state. *See Kipp*, 783 F.3d at 699. Additionally, as Defendant stated in his affidavit, his business operates solely in Iowa. *See id*. (finding the fact that the defendant did not maintain an Illinois office or have employees in Illinois undermined the allegation that the court had general jurisdiction). Moreover, he has never directed advertisements or marketing to Illinois citizens. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 921 (2011) (noting lack of solicitation as one factor in the conclusion that there was no general jurisdiction). Moreover, Defendant is correct that maintaining a public website, alone, is insufficient to establish general jurisdiction. *See Tamburo*, 601 F.3d at 701. In sum, the only conclusion that this record supports is that Defendant lacks continuous and systematic contacts with Illinois such that he is functionally "at home" in this forum. Therefore, Defendant is not subject to general jurisdiction in Illinois.

For all of these reasons, the Court concludes that it has no personal jurisdiction over Defendant. As such, the Court will not address the venue issue. *See* 28 U.S.C. § 1391(b)(3) (venue can be proper where the court has jurisdiction over the defendants); *Matlin*, 921 F.3d at 704.

### III. CONCLUSION

      For the foregoing reasons, Defendant's motion to dismiss is granted. The complaint is dismissed without prejudice to the reassertion of Plaintiff's claim in a court that can exercise personal jurisdiction over Defendant.

Date: April 11, 2022            By:     _/s/ Lisa A. Jensen_
                                                          Lisa A. Jensen
                                                          United States Magistrate Judge